# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ, | CASE NO. 1:07-cv-01794-LJO-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| DILL, et al., | |
| Defendants. | (Doc. 1) |
| | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

**I.  Screening Requirement**

Plaintiff Saul Barrios Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on December 5, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.  Plaintiff's Eighth Amendment Claims

Plaintiff is currently housed at Salinas Valley State Prison. The events giving rise to the claims at issue in this action allegedly occurred at Kern Valley State Prison. Plaintiff alleges violations of the Eighth Amendment of the United States Constitution stemming from the conditions of his confinement on contraband watch and the failure to provide him with medical treatment for the injuries he sustained as a result of the tape and shackles used on him. Plaintiff names Associate Warden Dill; Sergeants Harden, Sobbe, and Sandoval; Captain Tyson; and Correctional Officers Chan, Vieth, and Brown as defendants. Plaintiff is seeking money damages and injunctive relief.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970

1  (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison

2  official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer,

3  511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying

4  humane conditions of confinement only if he knows that inmates face a substantial risk of harm and

5  disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

6        Plaintiff's allegations are sufficient to state a claim against Defendants based on the

7  conditions he was subjected to while on contraband watch.  Fed. R. Civ. P. 8(a); Erickson v. Pardus,

8  127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008).  However,

9  Plaintiff has not linked any of the defendants to the denial of medical care.

10       "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060

11 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from

12 which the inference could be drawn that a substantial risk of serious harm exists,' but that person

13 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official

14 should have been aware of the risk, but was not, then the official has not violated the Eighth

15 Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada,

16 290 F.3d 1175, 1188 (9th Cir. 2002)).  Although accepted as true, the "[f]actual allegations must be

17 [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

18 Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In this instance, Plaintiff has not alleged

19 any facts which would support a claim that any of the defendants "[knew] of and disregard[ed] an

20 excessive risk to [Plaintiff's] health or safety" arising out of medical needs.  Farmer, 511 U.S. at 837.

21 **III.    Claim for Injunctive Relief**

22       In addition to money damages, Plaintiff alleges a claim for injunctive relief.  A federal court

23 has no authority to issue opinions upon moot issues.  See County of Los Angeles v. Davis, 440 U.S.

24 625 (1979); Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185 (9th Cir. 1986).  When an inmate seeks

25 injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such

26 relief become moot when he is no longer subjected to those conditions.  See Weinstein v. Bradford,

27 423 U.S. 147, 148-49 (1975) (finding prisoner's due process claim to be moot once he obtained a

28 full release from prison supervision); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (finding

prisoner's suit for library access to be moot upon his transfer to another prison); Chronicle Publishing Co. v. Rison, 962 F.2d 959, 960 (9th Cir. 1992) (finding a prisoner's suit challenging prison's publication regulations to be moot upon prisoner's release on parole). Because Plaintiff is no longer on contraband watch at Kern Valley State Prison, his claim for injunctive relief is moot and this action shall proceed as one for damages only.

**IV.     Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendants Dill, Harden, Sobbe, Sandoval, Tyson, Chan, Vieth, and Brown based on the conditions of confinement on contraband watch. However, Plaintiff has not alleged any facts linking one or more of the defendants to the failure to provide treatment for serious medical issues. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants on his contraband watch claim, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending dismissal of the medical claim, and will forward Plaintiff summonses and USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in brief but specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

If Plaintiff files an amended complaint, Plaintiff must leave adequate space between his sentence lines. In the current complaint, Plaintiff has crammed three lines of sentences into spacing intended for one line. The Court will not strictly hold Plaintiff to the formatting requirements set

///

forth in Local Rule 7-130, but neither will the Court overlook formatting that unreasonably burdens its ability to read a filing.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on his Eighth Amendment claim arising from the conditions on contraband watch; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    July 3, 2008**                  /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE