# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ,<br><br>           Plaintiff,<br><br>     v.<br><br>DILL, et al.,<br><br>           Defendants.<br>_____/ | CASE NO. 1:07-cv-01794-LJO-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO PROVIDE FURTHER INFORMATION ON DEFENDANTS DILL, CHAN, VIETH, AND BROWN<br><br>(Docs. 26 and 37)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Saul Barrios Perez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 6, 2007. This action is proceeding on Plaintiff's amended complaint, filed July 22, 2008, against Defendants Dill, Harden, Sobbe, Sandoval, Tyson, Chan, Vieth, and Brown for violation of the Eighth Amendment arising from the conditions of confinement on contraband watch at Kern Valley State Prison in 2006. The United States Marshal was ordered to initiate service of process on March 19, 2009. Service was returned un-executed as to Defendants Chan, Vieth, and Brown on August 26, 2009, and Defendant Dill on October 26, 2009. (Docs. 26, 37.) The Marshal was informed by the Litigation Coordinator that there were no employees at Kern Valley State Prison by those names. (Id.)

The Court is skeptical that the Marshal was provided with adequate assistance in this matter by prison officials at Kern Valley State Prison, particularly with respect to Associate Warden Dill and Correctional Officer Vieth. The Court views it to be highly unlikely that prison officials are unable to identify an associate warden and provide a current location for him in the event he is now

1

employed at another prison. Further, Vieth is a sufficiently unusual last name that the Court likewise finds it unlikely that prison officials have no idea who the Marshal is seeking to serve. In addition, the Marshal was directed to check with Legal Affairs Division, should it be necessary do to so, but the USM-285 forms do not reflect compliance with that directive.

The Court and the Marshal have a statutory duty to serve process on Plaintiff's behalf, and based on information on the returned USM-285 forms, the Court is unable to discharge this duty on the ground that Defendants Chan, Vieth, Brown, and Dill cannot be located. 28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(2). However, it is in the interest of conservation of the Court's and the Marshal's resources to obtain any additional information Plaintiff may possess before directing the Marshal to again initiate service of process. Therefore, if Plaintiff has any further information on Defendants which will help identify and locate them, such as first names or initials, or information on changes to their employment or location of employment, he shall provide that to the Court within thirty days.

Accordingly, it is HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff shall provide any further information he has on the identities or locations of Defendants Chan, Vieth, Brown, and Dill.[1]

IT IS SO ORDERED.

**Dated:   January 27, 2010**                    /s/ Sandra M. Snyder
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] To the best of his ability, Plaintiff must ensure that he has provided the proper spellings for Defendants' last names.