IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ,<br><br>        Plaintiff,<br><br>vs.<br><br>DILL, et al.,<br><br>        Defendants.<br>_____/ | 1:07-cv-01794-LJO-SKO (PC)<br><br>ORDER DENYING MOTION<br><br>( # 52) |

On August 31, 2010, plaintiff filed a motion inquiring about numerous documents that Plaintiff sent to the Court. Plaintiff also requests the appointment of counsel.

Plaintiff filed numerous discovery requests with the Court. Discovery is generally a self-executing process and discovery requests are served directly upon adverse parties. The Court is not involved in the discovery process unless it is to resolve a motion to compel. Thus, the Court will disregard interrogatories or document production requests sent to the Court unless they are sent as part of a motion to compel.

Plaintiff also inquires about the status of a "written opposition" that Plaintiff sent to the Court on May 10, 2010. On May 20, 2010, the Court received a "written opposition" that appears to be a response to Defendants' answer to Plaintiff's complaint. Plaintiff's filing is improper. There is no need to prepare and file a response to an answer unless the Court explicitly orders Plaintiff to do so. See Federal Rule of Civil Procedure 7(a). Plaintiff's "written

-1-

opposition" will be disregarded because the Court did not order Plaintiff to file a reply to Defendants' answer.

Plaintiff also requests appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   September 2, 2010**          /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE