# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ,<br><br>             Plaintiff,<br><br>      v.<br><br>DILL, et al.,<br><br>             Defendants. | CASE NO. 1:07-cv-01794-LJO-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT VIETH SHOULD NOT BE DISMISSED FROM THIS ACTION WITH PREJUDICE |

   Plaintiff Saul Barrios Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed July 22, 2008, against Defendants Dill, Harden, Sobbe, Sandoval, Tyson, Chan, Vieth, and Brown for deliberate indifference to conditions of confinement in violation of the Eighth Amendment. On August 26, 2009, the United States Marshal returned the summons and USM-285 form for Defendant Vieth, unexecuted. The Marshal attempted to secure a waiver of service but was unsuccessful in locating Defendant. The Litigation Coordinator informed the Marshal that no one by that name was employed at Kern Valley State Prison.

   On March 19, 2010, a second order was issued directing the United States Marshal to contact the Legal Affairs Division of the California Department of Corrections and Rehabilitation to attempt service on Defendant Vieth using additional information provided by Plaintiff. On March 31, 2011, the summons was returned unexecuted, stating that per the Office of Legal Affairs there was no information regarding employment of anyone by the name of Vieth.

   Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

1   If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, in this action Plaintiff has failed to provide information sufficient for the United States Marshal to identify the person to be served..  The Court will provide Plaintiff with the opportunity to show cause why Defendant Vieth should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Vieth should not be dismissed from the action at this time, with prejudice, pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in Defendant Vieth being dismissed from this action, with prejudice.

IT IS SO ORDERED.

**Dated:   April 21, 2011**          /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE