# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>DILL, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:07-cv-01794-LJO-SMS PC<br><br>ORDER DISMISSING DEFENDANT VIETH FOR FAILURE TO EFFECT SERVICE OF PROCESS |

Plaintiff Saul Barrios Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's first amended complaint, filed July 22, 2008, against Defendants Dill, Harden, Sobbe, Sandoval, Tyson, Chan, Vieth, and Brown for deliberate indifference to conditions of confinement in violation of the Eighth Amendment.

On April 22, 2011, an order issued requiring Plaintiff to show cause why Defendant Vieth should not be dismissed from this action due to Plaintiff's failure to provide information sufficient to identify the person to be served. Plaintiff was specifically advised that pursuant to Federal Rule of Civil Procedure 4(m), the court may, on its own motion, after notice to Plaintiff, dismiss a defendant who has not been served within 120 days after the complaint has been filed. Plaintiff was also advised that, so long as he provides the United States Marshal with the information necessary to identify the defendant, good cause exists to extend the time for service set out in Rule 4(m). Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)) abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

1  On June 8, 2011, Plaintiff filed a response stating that Defendant Vieth should not be dismissed
2  because she violated his civil rights. Additionally he argues that Defendant Vieth was employed,
3  and is probably still employed, by the California Department of Corrections and Rehabilitation.

4  In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
5  Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro
6  se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the
7  summons and complaint and . . . should not be penalized by having his action dismissed for failure
8  to effect service where the U.S. Marshal or the court clerk has failed to perform his duties . . . ."
9  Walker, 14 F.3d at (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)). As long as the
10 plaintiff has provided "information necessary to identify the defendant, the marshal's failure to effect
11 service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United
12 States, 902 F.2d 598, 603 (7th Cir. 1990). However, where a pro se plaintiff fails to provide the
13 Marshal with accurate and sufficient information to effect service of the summons and complaint,
14 the court's dismissal of the unserved defendants is appropriate.

15 On August 26, 2009, the United States Marshal returned the summons and USM-285 form
16 for Defendant Vieth, unexecuted. On March 19, 2010, a second order was issued directing the
17 United States Marshal to contact the Legal Affairs Division of the California Department of
18 Corrections and Rehabilitation to attempt service on Defendant Vieth using additional information
19 provided by Plaintiff. On March 31, 2011, the summons was again returned unexecuted.

20 The Marshal has attempted to serve Defendant Vieth on two separate occasions. Plaintiff
21 was ordered to provide further information to assist the Marshal with effecting service of process on
22 the defendant. Plaintiff provided the information and the Marshal undertook sufficient inquiry to
23 identify the defendant. The information provided by Plaintiff was not sufficient to identify the party
24 to be served. In his response to the order to show cause Plaintiff fails to address the issue noted, his
25 efforts to furnish information necessary to further identify Defendant Vieth. The Court does not find
26 good cause to order the Marshal to make a third attempt at service.
27 ///
28 ///

Accordingly, Defendant Vieth is HEREBY DISMISSED from this action, without prejudice, for Plaintiff's failure to effect service pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

**Dated:    June 9, 2011**                              /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE