# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ, | CASE NO. 1:07-cv-01794-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| DILL, et al., | (ECF Nos. 82, 83, 89) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

_____/

### Findings and Recommendations on Defendants' Motion for Summary Judgment

## I.    Procedural History

Plaintiff Saul Barrios Perez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on December 6, 2007. (ECF No. 1.) This actio n is proceeding on the first amended complaint, filed July 22, 2008, against Defendants Dill, Harden, Sobbe, Sandoval, Tyson, Chan, and Brown for conditions of confinement in violation of the Eighth Amendment.[1]  (ECF No. 12.)  On September 8, 2009, Defendants Harden, Tyson, Sobbe, and Sandoval filed an answer to the first amended complaint and a discovery and scheduling order issued setting deadlines for the action. (ECF Nos. 27, 29.) On April 28, 2011, Defendants Brown and Chan filed an answer to the complaint and a discovery and an amended scheduling order issued setting dates for Defendants Brown and Chan. (ECF Nos. 61,

---

[1]On February 24, 2009, Plaintiff's deliberate indifference to medical care claim was dismissed, with prejudice, for failure to state a claim.  (ECF No. 12.)  On June 9, 2011, an order issued dismissing Defendant Vieth for Plaintiff's failure to execute service of process.  (ECF No. 71.)

63.)  On July 28, 2011, Defendant Dill filed an answer to the complaint and the discovery and scheduling order issued May, 2011, was extended to him.  (ECF No. 74.)  On March 3, 2012, Defendants Brown, Chan, Dill, Harden, Sandoval, Sobbe, and Tyson filed a motion for summary judgment. (ECF No. 82, 83.)  Plaintiff filed an opposition on August 15, 2012.[2]  (ECF No. 89.)

## II.   Timeliness of Motion

Initially, the Court notes that Defendants Harden, Tyson, Sobbe, and Sandoval's deadline to file dispositive motions was July 19, 2010.  (ECF No. 29.)  On July 21, 2010, an order issued granting Defendants a sixty day extension of time to file a dispositive motion. (ECF No. 49.)  No dispositive motions were filed within the sixty days and this motion is untimely in regards to Defendants Harden, Tyson, Sobbe, and Sandoval and shall be disregarded.

Defendants bring this motion on the ground that Plaintiff failed to exhaust his administrative remedies.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  Defendants Brown and Chan's deadline to file an unenumerated Rule 12(b) motion was July 5, 2011, and dispositive motions was March 2, 2012. (ECF No. 63.)  Defendant Dill's deadline to file an unenumerated Rule 12(b) motion was September 15, 2011. (ECF No. 74.)  Accordingly Defendants Brown, Chan, and Dill's unenumerated Rule 12(b) motion is untimely.  The Court shall consider this motion only as to the extent it is timely filed, and the summary judgment motion shall only be considered as it applies to Defendants Brown, Chan, and Dill.

## III.   Motion for Summary Judgment

### A.    Motion for Summary Judgment Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party

---

[2]Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed on July 12, 2012.  Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

is entitled to judgment as a matter of law.  Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  However, the court is to liberally construe the filings and motions of pro se litigants.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).  The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration.  Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).  The Court will not undertake to mine the record for triable issues of fact.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

## B.    Relevant Allegations in First Amended Complaint

On February 6, 2006, Plaintiff was strip searched by Defendant Chan before being allowed to enter the housing unit from the exercise yard.  While using the metal detector on Plaintiff, Defendant Chan observed a green object in Plaintiff's mouth.  Plaintiff complied with Defendant Chan's order to open his mouth and no object was seen.  Defendants Chan and Sandoval asked Plaintiff what he had in his mouth and Plaintiff responded that it was a piece of green candy.

1  Plaintiff was shackled and placed in a dry cell, with no toilet or drinking water for several hours.

2  (First Am. Compl 3,[3] ECF No. 10.)

3         Plaintiff was strip searched twice while in the dry cell and nothing was found.  Plaintiff

4  advised prison officials that he had nothing in his mouth other than candy that had dissolved, but

5  Defendant Sandoval ordered Plaintiff to be taped.  (Id. at 4.)  Defendants Chan, Brown, and

6  Sandoval taped Plaintiff's waist, arms, and legs with masking tape. (Id. at 5-6.) Plaintiff was walked

7  to the contraband cell and the tape was reapplied even tighter with scotch tape. (Id. at 6-7.) Plaintiff

8  was confined in the cell for seven days and it was not cleaned until the last day when Plaintiff

9  cleaned it himself.  (Id. at 8.)  Plaintiff alleges the cell had feces smeared on the walls and rodent

10  feces as well as dirt on the floor.  (Id. at 8-9.)

11        Plaintiff was without running water and was not allowed to wash his hands or cleanse himself

12  for the entire week he was confined on contraband watch.  Plaintiff was required to relieve himself

13  in a bucket that was left in his cell for two days.  The smell of urine and feces  in the cell was very

14  strong.  Plaintiff was also denied any eating utensils and had to eat his food with hands that were

15  smeared with feces.  (Id. at 9.)  The cell was freezing cold and Plaintiff was denied any blankets and

16  had difficulty sleeping due to the cold and noise in the cell.  (Id. at 10.)

17        Plaintiff appeared before the Institutional Classification Committee ("ICC") and explained

18  his situation to Defendants Dill and Tyson.  (Id.)  Defendants Dill and Tyson told Plaintiff that they

19  would talk to Defendants Sobbe and Harden about his situation so he and his cell could be cleaned.

20  (Id. at 11.)

21        **C.    Undisputed Facts**

22  1.    On February 6, 2006, Plaintiff was a prisoner housed in the Administrative Segregation Unit

23        ("Ad Seg") at Kern Valley State Prison.  (Am. Compl. 3, ECF No. 10.)

24  2.    On that date Plaintiff was placed on contraband watch for having an unknown substance in

25        his mouth which was noted by staff during recall from the exercise yard.  (Id. at 4.)

26

27        [3]All references to pagination of specific documents pertain to those as indicated on the upper right corners
   via the CM/ECF electronic court docketing system.

28

4

3.    As a part of being placed on contraband watch, Defendants Chan, Brown, Sandoval, and Correctional Officer Vieth placed masking tape and scotch tape around Plaintiff's waist, arms, and legs to prevent the discharge of any contraband or evidence. (Id. at 5-7; Perez Depo. 47:11-51:6.)

4.    After approximately one hour, Plaintiff had not defecated and he was transferred from the Ad Seg North to Facility B-1 to be housed in a dry cell. Upon arrival Defendants Harden and Sandoval placed additional tape on Plaintiff and required him to put on a jumpsuit which was also taped up. (Id. at 52:14-25; 54:20-24, 57: 23-60:23.)

5.    During each taping process some of the tape came into contact with Plaintiff's skin and over the length of time that he was on contraband watch he developed red welts and blisters on his waist, left lower back, and legs above the knee. (ECF No. 10 at 7-8.)

6.    Plaintiff remained in the dry cell for one week during which time he defecated four times, one more than the required three full bowel movements. Following his fourth bowel movement, Plaintiff was released from contraband watch. (Perez Depo. at 67:5-22.)

7.    While on contraband watch, Plaintiff was taken before the ICC to review his placement in Ad Seg which was unrelated to the reason he was on contraband watch. Defendants Dill and Tyson were members of the committee. (Id. at 13:12-24, 74:19-75:25.)

   **D.    Discussion**

   The only timely issue that Defendants argue in their motion for summary judgment is that Plaintiff cannot state a cognizable claim against Defendant Dill because there is no causal link to his serving on the ICC and Plaintiff's conditions of confinement while he was on contraband watch. Defendants argue that Defendant Dill was not involved in the taping of Plaintiff and his need for medical care as a result. Further Plaintiff did receive medical care in response to his complaints because he was examined by a physician. (Defendants' Motion for Summary Judgment 10, ECF No. 82.) However, this action is not proceeding on a denial of medical care claim.

   This action is proceeding on Plaintiff's claim that he was subjected to unconstitutional conditions of confinement during the time that he was housed on contraband watch. A supervisor is liable for the acts of his subordinates if he "participated in or directed the violations, or knew of

1   the violations and failed to act to prevent them." <u>Maxwell v. County of San Diego</u>, __ F.3d __, 2012

2   U.S. App. LEXIS 19225, at * 22 (9th Cir. Sept. 13, 2012) (quoting <u>Taylor v. List</u>, 880 F.2d 1040,

3   1045 (9th Cir. 1989)); <u>Preschooler II v. Clark County School Bd. of Trustees</u>, 479 F.3d 1175, 1182

4   (9th Cir. 2007).  There must be a sufficient causal connection between the supervisor's conduct and

5   the constitutional violation.  <u>Starr v. Baca</u>, 652 F.3d 1202, 1207 (9th Cir. 2011).  Where this causal

6   connection exists and the plaintiff was deprived of a federally secured right, the law clearly allows

7   an action against the supervisor.  <u>Starr</u> 652 F.3d at 1207.  When a supervisor knowing refuses to

8   terminate the acts of his subordinates that he is aware will cause a constitutional injury, the requisite

9   casual connection exists.  <u>Id.</u> at 1207-08.

10       In this instance, it is undisputed that while Plaintiff was housed in the allegedly

11   unconstitutional conditions, he was seen by Defendant Dill for an ICC review, although neither party

12   indicates when this ICC review occurred.  Plaintiff states that he informed Defendant Dill of the

13   unsanitary conditions that he was housed in and Defendant Dill told Plaintiff that he would talk to

14   the officers and ensure that Plaintiff and his cell were cleaned.  (ECF No. 10 at 11; ECF No. 89 50-

15   51.)  Plaintiff was not provided with an opportunity to clean the cell until the last day of his

16   contraband watch.  (<u>Id.</u> at 8.)  Viewing the facts in the light most favorable to Plaintiff, Defendant

17   Dill was aware that Plaintiff was being housed in unsanitary conditions on the date of the ICC review

18   and took no action to remedy the conditions until the last day of Plaintiff's confinement on

19   contraband watch.  A triable issue of material fact exists as to when Defendant Dill became aware

20   of the alleged conditions and if he failed to act to remedy the situation.  The Court finds that

21   Defendants have failed to meet their burden and the motion for summary judgment should be denied.

22   **IV.    <u>Recommendation</u>**

23       For the reasons set forth herein, IT IS HEREBY RECOMMENDED that Defendants' motion

24   for summary judgment, filed March 2, 2012, be denied.

25       These findings and recommendations will be submitted to the United States District Judge

26   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

27   days after being served with these findings and recommendations, Plaintiff may file written

28   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


     IT IS SO ORDERED.

 **Dated:**   **October 23, 2012**                                    **/s/ Barbara A. McAuliffe**
                                                              UNITED STATES MAGISTRATE JUDGE