# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ,<br><br>                    Plaintiff,<br><br>        v.<br><br>DILL, et al.,<br><br>                    Defendants.<br>                                                    / | CASE NO. 1:07-cv-01794-LJO-BAM PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 82, 83, 89, 90, 92) |

Plaintiff Saul Barrios Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 23, 2012, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On November 21, 2012, Defendants filed an Objection.

Defendants object to the Magistrate Judge declining to consider their untimely motion to dismiss for failure to exhaust administrative remedies. The discovery and scheduling orders that were issued in this action clearly set the deadline to bring an unenumerated Rule 12(b) motion and stated that the pre-trial dispositive motion deadline did not apply to motions to dismiss for failure to exhaust administrative remedies. (ECF No. 29 at 2 n.1; ECF No. 62 at 2 n.2.) Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087-88

(9th Cir. 2002). To allow Defendants to bring their unenumerated rule 12(b) almost two years after the deadline of May 9, 2010, and six months after the most recent deadline of September 15, 2011, would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)). Defendants have failed to show good cause to modify the scheduling order, and the Court declines to consider the untimely motion to dismiss for failure to exhaust administrative remedies.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 23, 2012, is adopted in full;
2. Defendants' Motion to for Summary Judgment, filed March 2, 2012, is DENIED; and
3. This action is referred back to the Magistrate Judge to be set for trial.

IT IS SO ORDERED.

**Dated:   November 26, 2012**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE