UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DILL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:07-cv-01794-BAM (PC)<br><br>**ORDER IMPOSING SANCTIONS AND REQUIRING FILING AND SERVICE OF LIST OF PROPOSED TRIAL EXHIBITS**<br><br>**NOVEMBER 25, 2015 DEADLINE** |

　　　Plaintiff Saul Barrios Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The parties have consented to the jurisdiction of the Magistrate Judge. (ECF No. 111.)

　　　On November 3, 2015, this Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to comply with the court's scheduling order requiring him to file a pretrial statement. (ECF No. 115.) On November 16, 2015, Plaintiff filed a response to the order to show cause, titled "Motion Requesting a Late Extension of Time," dated October 19, 2015.[1] (ECF No. 116.) The Court also held a hearing on the order to show cause on November 18, 2015.

---

[1] The Court noted at the hearing on the order to show cause that based on when Plaintiff's motion was dated, it appeared to take nearly a month before the Court received it. Plaintiff provided no explanation for the late receipt of his filing.

1

In response to the order to show cause, Plaintiff explained that he had another civil litigation matter with a pending summary judgment opposition deadline around the same time his pretrial statement in this case was due. (ECF No. 115.) This does not show good cause for Plaintiff's failure to file a pretrial statement. The scheduling order setting the deadline for filing of pretrial statements in this case was issued over two months ago, on August 31, 2015. (ECF No. 108.) That order specifically warned that the "failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default." (Id. at 5.) After this matter was reassigned to the undersigned Magistrate Judge for all purposes, an amended scheduling order was issued October 7, 2015, confirming that the due date for pretrial statements remained the same. (ECF No. 112.) Thus, having been warned about the possibility of sanctions and repeatedly informed and reminded of the pending deadline in this matter, Plaintiff should not have ignored his pretrial order filing obligation. The fact that he was also busy with other litigation does not excuse his non-compliance.

During the hearing, Plaintiff also explained that from time to time he has been on lockdown or otherwise without access to law library services and his legal materials. He was not specific regarding how any of these matters impacted his ability to file his pretrial statement. Moreover, Plaintiff stated in his November 16, 2015 filing that he had been able to work on his opposition for summary judgment in his other case for "close to three months," (ECF No. 116, p. 3), had in fact written "not one but two oppositions" in that case, (Id. at 2), and was able to make a timely request for an extension of a deadline in that matter, (Id. at 4-5). This does not support any finding that he was justified in not complying with this Court's scheduling order or in being incommunicative with this Court.

Under Rule 16(f), the Court has authority to sanction a party for the failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). "[V]iolations of Rule 16 are neither technical nor trivial, but involve a 'matter most critical to the court itself: management of its docket' and the avoidance of unnecessary delays in the administration of its cases." Martin Family Trust v. Heco/Nostalgia Enterprises Co., 186 F.R.D. 601, 602 (E.D. Cal. 1999) (quoting Matter of Baker, 744 F.2d 1438, 1441 (10th. Cir. 1984)). "Accordingly, it is the duty of the trial court, 'within the spirit of its total powers, including Rule 16, to impose sanctions . . . in a manner designed to solve the

2

management problem.'" Id. (quoting Baker, 744 F.2d at 1442). "[I]n a proper case, a trial court may exclude a party's witnesses as a sanction for failure to comply with a pretrial order." Ortega v. O'Connor, 50 F.3d 778, 779 (9th Cir. 1995).

Local Rule 281(b), setting for the matters to be addressed in the pretrial statement, required Plaintiff to list his prospective trial witnesses, and noted that "[o]nly witnesses so listed will be permitted to testify at the trial . . . ." Local Rule 182(b)(10). Since Plaintiff has, at the time of this order, filed no pretrial statement, the Court and Defendants are not informed of what prospective witnesses, if any, Plaintiff intended to call at trial. In addition, the scheduling order in this case required Plaintiff to file along with his pretrial statement any motions for seeking the Court's assistance in obtaining any witnesses who are incarcerated or who do not agree to voluntarily testify. (ECF No. 112, p. 2.) Plaintiff did not meet those deadlines either. Plaintiff's non-compliance is not harmless. It prejudices the Defendants by depriving them of the opportunity to develop any timely opposition(s) to the proposed witness(es) and to prepare for the cross-examination of such witnesses at trial. Plaintiff's non-compliance also overtaxes the Court's already limited judicial resources by giving the Court insufficient time to rule on the appropriateness of Plaintiff's proposed witnesses and order their presence for trial, if necessary. Thus, due to Plaintiff's failure to timely disclose or identify potential witnesses through any motions, notifications, or through his pretrial statement, he is barred from presenting any witnesses, other than himself (or defendants), at trial.

Plaintiff was also required to provide a list of documents or other exhibits he expected to offer at trial in his pretrial statement. Local Rule 281(b)(11). Copies of exhibits themselves are to be provided at a later date, but the list enables Defendants to prepare any motions in limine or other objections for trial. The Court finds that it is appropriate under these circumstances to allow Plaintiff to file and serve on Defendants his list of proposed exhibits by **November 25, 2015**. Only exhibits on that timely filed and served list will be permitted to be offered by Plaintiff at trial, except as may be otherwise provided in the pretrial order.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff is BARRED from presenting any witnesses at trial in this matter, other than himself or defendants; and

3

2. Plaintiff shall file and serve on Defendants his list of proposed exhibits on or before **November 25, 2015**. Only exhibits on that timely filed and served list will be permitted to be offered by Plaintiff at trial, except as may be otherwise provided in the pretrial order.

IT IS SO ORDERED.

Dated: **November 18, 2015**                    /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE

4