UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUL BARRIOS PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DILL, et al.,<br><br>　　　　　Defendants. | Case No.: 1:07-cv-01794-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 2<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO 3<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 4<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION IN LIMINE NO. 5<br><br>(ECF No. 124) |

　　　　Plaintiff Saul Barrios Perez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims against Defendants Dill, Harden, Sobbe, Sandoval, Tyson, Chan, and Brown for conditions of confinement in violation of the Eighth Amendment. All parties have consented to magistrate judge jurisdiction. (ECF No. 109; ECF No. 110).

On January 4, 2016, Defendants filed five motions in limine in a joint filing. (ECF No. 124.) Plaintiff did not file any written opposition, and the motions were deemed submitted when the time for filing any opposition expired. Local Rule 230(l).

The motions were heard before the Honorable Barbara A. McAuliffe on January 28, 2016. Plaintiff appeared telephonically on his own behalf. Jonathan B. Paul appeared telephonically on behalf of Defendants. At the hearing, Plaintiff informed the Court that he had mailed an opposition to the Court to be filed, but it had been returned to him. He also informed the Court that he served his opposition on Defendants, and Defense Counsel agreed that he had received the opposition. Plaintiff was given a full opportunity to present his arguments in opposition orally at the hearing.

I.   **Motions in Limine**

A.   **Standard**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004–05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08–CV–01764–LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975); see also In re Homestore.com Inc., No. CV 01–11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); see cf. Oracle Am. Inc. v. Google Inc., No. C 10–03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted). Additionally, some evidentiary

issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson, 115 F.3d at 440.

**B.     Analysis**

**1.     Motion in Limine No. 1 to Exclude Certain Exhibits**

On November 18, 2015, this Court issued an order imposing sanctions on Plaintiff for his failure to show cause for failing to file a pretrial statement. (ECF No. 118.) As part of that order, Plaintiff was required to file and serve a list his proposed exhibits for trial by November 25, 2015. (Id. at 3.) The order provided that only those exhibits on the timely filed and served list would be permitted to be offered by Plaintiff at trial, except as otherwise ordered. (Id.) On December 2, 2015, Plaintiff filed his list of proposed trial exhibits, dated and signed November 25, 2015. (ECF No. 122.)

In Defendants' first motion in limine, they argue that Plaintiff should be precluded from offering certain exhibits on his proposed exhibit list. (ECF No. 124, pp. 2-5.) In support, they first argue that Plaintiff's exhibit list was not timely filed, and therefore his proposed exhibits should be excluded for non-compliance with the Court's November 18, 2015 order. However, under the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L.Ed.2d 245 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions). Plaintiff's exhibit list lacks a proof of service, but the signature block is dated November 25, 2015, so the Court will deem it filed on that date. See Butler v. Long, 752 F.3d 1177, 1178 n. 1 (9th Cir. 2014) ("We assume that [petitioner] turned his petition over to prison authorities on the same day he signed it and apply the mailbox rule."). Thus, contrary to Defendants' assertion, Plaintiff's proposed exhibit list was timely filed, and his proposed exhibits will not be excluded due to any non-compliance with the Court's November 18, 2015 order.

Defendants next argue that although they do not object to certain exhibits which appear to be largely the same as their own proposed exhibits, several of the items described on Plaintiff's proposed exhibit list are so vague that it cannot be determined what the exhibits are. Defendants contend that

3

1  they are prejudiced by Plaintiff's vague items on his exhibit list because they cannot file specific
2  motions in limine or prepare objections related to those exhibits.

3        The lists of proposed exhibits the parties are required to file are critical to trial management, by
4  helping to narrow the scope of evidence that may be presented at trial, and by providing the opposing
5  party with fair notice and opportunity to defend. Due to the importance of the need for a trial court to
6  manage trials in this manner, reviewing courts have repeatedly upheld the exclusion by a trial court of
7  evidence not identified in a pretrial order. See U.S. v. First Nat. Bank of Circle, 652 F.2d 882, 886 n.5
8  (9th Cir. 1981) (collecting cases). Certainly, descriptions of exhibits on a proposed exhibit list which
9  are too vague to allow for the exhibit to be identified do not aid trial courts in managing the evidence
10 to be presented at trial, nor do they give proper notice to the opposing party. Thus, a trial court would
11 be within its discretion to exclude such evidence.

12       Here, several of the items in Plaintiff's proposed exhibit list are too vague to allow for
13 identification of what the exhibit is. These include the following proposed exhibits by Plaintiff: (1) any
14 and all documents that are relevant to contraband issue of February 2006 at Kern Valley State Prison,
15 (2) any and all documents that are relevant to Plaintiff's medical conditions, on or approximately on
16 February 2006, (3) any documents related to CDC Form 114-D – Administrative Segregation Unit
17 Placement Notice for Plaintiff dated November 24, 2005, including documents concerning Plaintiff's
18 reissue; (4) any and all penal codes, case laws, and constitutional law governing the conduct of
19 correctional staff and correctional institutions when dealing with inmates' civil rights/human rights;
20 and (5) any and all relevant documentation concerning Saul Barrios Perez contraband watch issue of
21 February 2006. These vague descriptions of categories of items are worded more like discovery
22 requests than disclosures on an exhibit list. Rather than designating something specific as proposed
23 evidence, they require interpretation as to what is relevant to, related to, or concerns certain issues or
24 matters. These descriptions of proposed exhibits do not provide sufficient information for the Court or
25 Defendants to determine what evidence Plaintiff specifically intends to present at trial.

26       One item on Plaintiff's proposed exhibit list is sufficiently descriptive to identify what it is: the
27 CSR's dismissal of Plaintiff's charges for attempted murder of a correctional officer dated November
28 24, 2005. The Court questioned the parties about this proposed exhibit during the hearing. Copies of

1  all proposed exhibits were due to be exchanged by the parties and submitted to the Court by January
2  15, 2016 under the pretrial order, but neither the Court nor Defendants have received a copy of this
3  proposed exhibit from Plaintiff. Defense Counsel also stated he was not aware of any such document
4  existing. Plaintiff stated that he has previously attempted to obtain a copy of this document, but
5  admitted that he does not possess any such document, nor has he submitted any copies of it to the
6  Court or Defendants. Based on Plaintiff's admission that he does not possess any such document and
7  has not disclosed it to Defendants or the Court in compliance with the pretrial order, it shall be
8  excluded. Plaintiff may, however, testify as to any facts in his knowledge regarding the dismissal or
9  reduction of the attempted murder charges, subject to the Federal Rules of Evidence.

10       Finally, Defendants also object to Plaintiff's designation of (1) Title 15 of the California Code
11 of Regulations ("CCR"), and (2) the Department of Correctional and Rehabilitation Operations
12 Manual (the "D.O.M"), as exhibits. As Defendants note, Plaintiff's designation of the entire Title 15 of
13 the CCR and the entire D.O.M., is overbroad and vague. At the hearing, Plaintiff argued that he
14 intended to specify those sections of Tile 15 of the CCR and the D.O.M. as pertain to issues relevant to
15 this matter, including contraband issues, sanitation issues, and restraints, but he had not yet been able
16 to do so due to limited library access. This matter has been pending since December 2007, and
17 Plaintiff has been informed of the current trial date before this Court since October 2, 2015. Plaintiff
18 should have been able to comply with the requirement for him to specifically identify the sections of
19 Title 15 of the CCR and the D.O.M. that he would like to introduce as evidence at trial by now. Due to
20 his failure to do so, he is precluded from introducing those exhibits into evidence. Plaintiff may still, if
21 he desires, use those exhibits in questioning witnesses or in testifying.

22       In sum, Defendants' first motion in limine is granted, with certain caveats. Plaintiff is
23 precluded from introducing any exhibits into evidence except for the following:  (1) CDC Form 602
24 Inmate Appeal Form concerning contraband issue; (2) CDC Form 7219 – Medical Report or Injury or
25 Unusual Occurrence, completed by S. Williams, RN on February 8, 2006; (3) CDC Form 128G –
26 Classification Chrono for Institutional Classification Committee Special/SHU Review conducted on
27 February 9, 2006; (4)  CDC Form 114-D - Administrative Segregation Unit Placement Notice for
28 Plaintiff, dated November 24, 2005; (5) CDC Form 115 – Rule Violation Report, Log No. FA-05-11-

048, adjudicated February 2, 2006; (6) CDC Form 128B – General Chrono, Concerning Loss of Privileges by Inmate Perez, dated January 7, 2006; (7) CDCR Form 115 – Rule Violation Report, Log No. B00-11-0084, adjudicated December 22, 2000; and (8) CDCR Form 128G – Classification Chrono for Institutional Classification Committee Initial ASU Review conducted on January 12, 2006. Plaintiff may offer those exhibits if he so chooses, in compliance with the Federal Rules of Evidence. Plaintiff is also not precluded from testifying about the matters identified above.

### 2. Motion in Limine No. 2 to Exclude Non-Party Witnesses from the Courtroom During Trial

Defendants' second motion in limine seeks to exclude all witnesses from the trial, except for Plaintiff and the individually named Defendants, pursuant to Federal Rule of Evidence 615. That rule provides, in pertinent part, as follows:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> (a) a party who is a natural person . . . .

Fed. R. Evid. 615(a). Plaintiff also stated during the hearing that he does not oppose this motion. Based on the foregoing, the Court grants Defendants' second motion in limine and exclude all non-party witnesses from the courtroom during trial proceedings.

### 3. Motion in Limine No. 3 to Exclude Evidence About Indemnification

Defendants' third motion in limine seeks to exclude any evidence, argument, or reference to the fact that the California Department of Corrections and Rehabilitation ("CDCR") agrees to defend and indemnify the Defendants against any compensatory damages awarded in this matter, on the grounds that this information is irrelevant and prejudicial. At the hearing, Plaintiff stated that he does not oppose this motion.

Information regarding whether CDCR provided the defense for, would pay any verdict for, or would reimburse Defendants for any compensatory damage award is not relevant to whether the Defendants engaged in the Eighth Amendment violations that Plaintiff alleges they did. Fed. R. Evid. 401. Even if such information were relevant, it should be excluded because its probative value is

substantially outweighed by both a danger of unfair prejudice and a danger of confusing the issues. Fed. R. Evid. 403. Therefore, Defendants' third motion in limine is granted.

### 4. Motion in Limine No. 4 to Include Evidence of Plaintiff's Felony Conviction

Defendants' fourth motion in limine seeks an order permitting the introduction into evidence of Plaintiff's felony conviction in San Bernardino County Superior Court Case No. FSB0312, should Plaintiff testify at trial. Specifically, Defendants seek to introduce an abstract of the judgment from that case to impeach Plaintiff's character for truthfulness, based on his convictions for murder and attempted robbery, and his sentence to a term of 23 years plus life without the possibility of parole. During the hearing, Defendants further noted that the date Plaintiff's incarceration began in 1997 is relevant here, because they seek to argue that Plaintiff either has known of or should have known of certain rules and regulations since that date.

Plaintiff opposes the motion. He argued at the hearing that the length of his incarceration is prejudicial and improper to discuss, his convictions are more than 10 years old and therefore too old to introduce, and that he should be able to argue that despite the length of any rules being in effect, they are not always enforced in the same manner in practice.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b).

As Defendants correctly argue, since Plaintiff is currently serving the sentence for the felony convictions at issue, his conviction qualifies under Rule 609(a)(1)(A) and must be admitted, subject to Rule 403. The facts that Plaintiff has been convicted of two felonies is probative to the issue of Plaintiff's character for truthfulness, and there is little to no prejudicial effect, since the jury will be aware that Plaintiff has been incarcerated based on the fact that he brings his claims as a prisoner. Defendants have also shown that the date of Plaintiff's incarceration for the sentence he is currently serving is relevant as well, and the prejudicial effect of that date is low for the reason previously noted.

However, evidence about the nature of Plaintiff's convictions, for attempted robbery and murder, is highly prejudicial to Plaintiff, and there is no probative value of that evidence to the Eighth Amendment claims at issue in this case. Defense Counsel stated at the hearing that Defendants have not claimed to be aware of the nature of Plaintiff's convictions at the time of the incidents at issue, and thus Defendants do not intend to argue that any special precautions they may have taken based on that knowledge. Accordingly, evidence about the nature of Plaintiff's convictions is irrelevant to this matter.

Furthermore, the Court is concerned that evidence about the length and terms of Plaintiff's convictions–23 years plus life without the possibility of parole–invites speculation from the jury regarding the nature of Plaintiff's convictions, and therefore there is a high risk of prejudice to him from introducing that evidence. In contrast, there is little probative value to discussing the length of Plaintiff's remaining incarceration, particularly since Defendants will be allowed to elicit evidence regarding the date his current incarceration began. Since the abstract of judgment Defendants propose as an exhibit contains information concerning the nature of Plaintiff's convictions and his sentence, its introduction into evidence is prejudicial to Plaintiff.

In sum, based on the factors to consider in deciding whether to exclude relevant evidence under Rule 403 here, Defendant's fourth motion in limine is granted in part and denied in part. Defendant may elicit testimony concerning the fact that Plaintiff has been convicted of two felonies, including the number of felonies, the date his convictions began, and that he has been imprisoned since that date through at least the date of trial. However, Defendant is precluded from introducing evidence, arguments or otherwise referencing concerning the nature of the crimes for which Plaintiff was convicted, the length and conditions of his sentence, and is precluded from introducing the abstract of judgment from San Bernardino County Superior Court Case No. FSB0312 into evidence, since the probative value of that evidence is substantially outweighed by unfair prejudice to Plaintiff.

### 5. Motion in Limine No. 5 to Allow Teleconference Testimony of Custodian of Records

Defendants' fifth motion in limine seeks to allow the custodian of records of the CDCR institution where Plaintiff is housed at trial to testify via teleconference. At the hearing, Defendants

modified this motion to add that, in the alternative, they seek to have the custodians of records authenticate their exhibits by written declaration, pursuant to the terms of the pretrial order. (ECF No. 199, p. 8 n.3.) Declarations regarding authenticity for the documents were submitted to the Court for review, and the Court found them sufficient to establish authenticity. Plaintiff also stated that he did not oppose the authentication of the exhibits by declaration, though he reserved other objections.

Accordingly, the Court denies Defendants' request to have the custodian of records testify via videoconference, as there is insufficient time before trial to make suitable arrangements for such testimony. However, Defendants' request to allow the custodians of records to authenticate their proposed exhibits by written declarations is granted.

## II. Conclusion and Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Defendants' motion in limine #1 to exclude certain exhibits is GRANTED, with certain caveats. Plaintiff is precluded from introducing any exhibits into evidence except for the following: (1) CDC Form 602 Inmate Appeal Form concerning contraband issue; (2) CDC Form 7219 – Medical Report or Injury or Unusual Occurrence, completed by S. Williams, RN on February 8, 2006; (3) CDC Form 128G – Classification Chrono for Institutional Classification Committee Special/SHU Review conducted on February 9, 2006; (4) CDC Form 114-D - Administrative Segregation Unit Placement Notice for Plaintiff, dated November 24, 2005; (5) CDC Form 115 – Rule Violation Report, Log No. FA-05-11-048, adjudicated February 2, 2006; (6) CDC Form 128B – General Chrono, Concerning Loss of Privileges by Inmate Perez, dated January 7, 2006; (7) CDCR Form 115 – Rule Violation Report, Log No. B00-11-0084, adjudicated December 22, 2000; and (8) CDCR Form 128G – Classification Chrono for Institutional Classification Committee Initial ASU Review conducted on January 12, 2006. Plaintiff may offer those exhibits if he so chooses, in compliance with the Federal Rules of Evidence.

Plaintiff is not precluded from testifying about any facts in his knowledge regarding the dismissal or reduction of his alleged attempted murder charges, subject to the Federal Rules of Evidence. Plaintiff is also not precluded from using Title 15 of the CCR or the D.O.M. to formulate questions for witnesses or testimony, but he may not introduce those exhibits into evidence;

2. Defendants' motion in limine # 2 to exclude non-party witnesses from the courtroom during trial is GRANTED;

3. Defendants' motion in limine #3 to exclude any evidence, argument, or reference to the fact that the California Department of Corrections and Rehabilitation may or has paid for any defense costs or damages awarded in this matter, is GRANTED;

4. Defendants' motion in limine #4 to include evidence of Plaintiff's felony conviction is GRANTED IN PART AND DENIED IN PART. Defendant may elicit testimony concerning the fact that Plaintiff has been convicted of two felonies, including the number of felonies, the date his convictions began, and that he has been imprisoned since that date through at least the date of trial. However, Defendant is precluded from introducing evidence, arguments or otherwise referencing concerning the nature of the crimes for which Plaintiff was convicted, the length and conditions of his sentence, and is precluded from introducing the abstract of judgment from San Bernardino County Superior Court Case No. FSB0312 into evidence; and

5. Defendants' motion in limine #5 to allow teleconference testimony of the custodian of records or authentication by written declaration is GRANTED IN PART AND DENIED IN PART. Defendants' request to allow testimony via videoconference is DENIED, but Defendants' request to allow authentication of the documents by written declaration is GRANTED.

IT IS SO ORDERED.

Dated:   **January 29, 2016**        /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE